[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife and the defendant husband were married on September 16, 1975. There are two minor children issue of this marriage: Michelle Kolinchak, born May 11, 1976; and Nicole Kolinchak, born March 21, 1979.
It would serve no useful purpose to detail the history of the relationship between the parties. There have been times when the parties were separated and each party has from time to time had relationships outside of the marriage. Suffice it to say that the marriage has broken down irretrievably and the same is hereby dissolved.
Custody of the minor children shall be with the plaintiff wife. This matter has previously been referred to the Family Services Unit of this court to mediate the issue of visitation. Until such mediation is completed, the defendant husband shall have visitation with the minor children each Sunday from 12:00 noon to 6:00 P.M. If the mediation is not successful, either party may return to this court and this court will examine the issue of visitation de novo.
What does require discussion is the defendant husband's income. On his financial affidavit he shows an annual gross income of $28,000.00. On his federal income tax returns he shows an annual adjusted gross income[1] as follows:
1985 $21,005.00
1986 $24,608.00
1987 $27,515.00
1988 $27,558.00
1989 $21,237.00
1990 $ 248.00
However, the life style of the parties, the amount of money expended for living expenses and other purposes, makes these income figures highly suspect.
The defendant husband is a skilled gambler[2] who spends substantial amounts of time in Atlantic City. The defendant husband testified that he would take $400.00-$500.00 in cash with him to Atlantic City and that he would break even most of the time. The plaintiff wife CT Page 10517 testified that the defendant husband would take about $20,000.00 in cash, and an unrelated former friend of the defendant husband, who had accompanied the defendant husband to Atlantic City, testified that the defendant husband would take from $15,000.00 to $25,000.00 in cash, all stored in a money belt. The unrelated friend testified that the defendant husband almost always won at black jack. The defendant husband's testimony regarding the amount of cash he would take to Atlantic City and the ultimate results of his gambling is not credible.
In 1986, the parties applied to a bank for a mortgage. The defendant husband on the loan application indicated that his gross monthly income was $15,000.00. In addition, he submitted to the bank copies of what was purported to be the parties' 1985 and 1986 federal income tax returns. The 1985 return showed adjusted gross income of $163,461.00, and the 1986 return showed an adjusted gross income of $180,608.00. Obviously, there was either a misrepresentation to the federal government or a misrepresentation to the bank.
After a thorough review of all of the evidence presented to this court, the court is of the opinion that the income of the defendant husband, from all sources, is substantially more than that shown on his financial affidavit. It is impossible, however, to determine the exact amount of income, but it is more than enough to support the orders that are contained herein.
Neither party produced any expert testimony as to the fair market value of the family home. The plaintiff wife on her financial affidavit shows a gross value of $400,000.00, and the defendant husband on his financial affidavit shows a gross value of $315,000.00.
In light of all of the above, and after giving due consideration to all of the factors contained in sections46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes, the following orders shall enter:
1. Neither party shall pay periodic alimony to the other.
2. All of the right, title and interest of the plaintiff wife in and to the real property known as 103 Long Meadow Hill Road, Brookfield, Connecticut, is hereby assigned to the defendant husband subject to all encumbrances against said property (including the equity loan), which encumbrances shall be the sole obligation of the defendant husband, and he shall indemnify and hold the plaintiff wife harmless CT Page 10518 there from.
3. By way of a property assignment, pursuant to section 46b-81 of the Connecticut General Statutes, the defendant husband shall pay to the plaintiff wife the sum of $42,700.00. Said sum shall be paid in full within sixty (60) days of the date hereof, and shall bear interest at the rate of 10 percent per annum for any period of time after sixty (60) days from the date hereof that said sum remains unpaid. To secure the payment of this sum, the defendant husband shall execute and deliver to the plaintiff wife, within ten (10) days of the date hereof, a promissory note for said sum and interest thereon and a mortgage deed securing said note. The deed and note shall be in a form substantially similar to, and shall contain all of the pertinent provisions of, the residential mortgage note and deed used by People's Bank. The creation of such security interest shall not, however, limit the plaintiff wife to the security interest as her sole means of collecting the sums due hereunder in the event they are not paid. She may use any lawful remedy that may from time to time be available to her including, but not limited to, the contempt powers of this court.
4. The defendant husband shall pay to the plaintiff wife the sum of $150.00 per week for the support of each of the minor children until such child reaches the age of majority or is sooner emancipated. Said payments shall be subject to a contingent wage withholding.
5. The plaintiff wife testified that the court had previously found an arrearage in the pendente lite order of child support in the amount of $6,880.00. There is, however, no such finding contained in the court file. The plaintiff wife has ordered a transcript of the proceedings involving such arrearage. If in fact a finding of an arrearage was made by this court, the unpaid balance of any such arrearage shall be paid by the defendant husband to the plaintiff wife within thirty (30) days of the date hereof.
6. The defendant husband shall maintain health insurance for the benefit of the minor children equivalent to Blue Cross/Blue Shield and major medical. In addition, all uninsured medical, dental, orthodontic, ophthalmic, psychological and psychiatric expenses incurred on behalf of the minor children shall be paid equally by the plaintiff wife and the defendant husband provided, however, that except in the case of an emergency no such expenses for which the defendant husband might be liable shall be incurred without his prior consent, which consent shall not be unreasonably withheld. This order shall be subject to the provisions of CT Page 10519 section 46b-84 (c) of the Connecticut General Statutes.
7. The defendant husband shall maintain insurance on his life in the face amount of not less than $50,000.00, and shall name the children as beneficiaries thereof during their minority.
8. Except as expressly provided herein, all of the liabilities shown on the financial affidavits of the parties filed with this court on November 20, 1991 shall be the sole obligation of the party upon whose affidavit said liability appears, and they shall indemnify and hold the other party harmless therefrom.
9. Except as expressly provided herein, all of the property shown on the financial affidavits of the parties filed with this court on November 20, 1991, shall be the sole and exclusive property of the party upon whose affidavit such property appears.
10. Each party shall be responsible for his or her attorney's fees and costs incurred in this action.
FREDERIC A. FREEDMAN, JUDGE